**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LESHAUN MCWRIGHT**                                                             **PLAINTIFF**

**V.**                                                                    **NO. 4:15-CV-00106-DMB-JMV**

**GREENVILLE PUBLIC SCHOOL**                                   **DEFENDANT**
**DISTRICT**

**MEMORANDUM OPINION AND ORDER**

This Fair Labor Standards Act action brought by LeShaun McWright is before the Court on the motion for summary judgment of the Greenville Public School District. Doc. #24. Because the District has failed to show that McWright's position as a school resource officer was subject to the Act's administrative exemption, and has also failed to establish a factual basis for the application of the Act's good faith defense, the motion for summary judgment will be denied.

**I**
**Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.* at 411–12 (internal quotation marks and citation omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id.* at 412. When

considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

## II
## Facts and Procedural History

In September or October of 2011, the Board of Trustees of the Greenville Public School District approved the hire of LeShaun McWright as a School Resource Officer ("SRO") at one of its regular meetings. *See* Doc. #29-2;[1] *see also* Doc. #5 at ¶ 6. At the same meeting, the Board approved a job description for the SRO position. Doc. #29-2; Doc. #29-3. McWright remained employed with the District until April 2015. Doc. #1 at ¶ 4; Doc. #5 at 3.

On August 18, 2015, McWright filed a complaint in this Court seeking unpaid overtime for "2012-2015" under the Fair Labor Standards Act ("FLSA"). Doc. #1 at 2. The District, after seeking and receiving an extension of time to answer, answered the complaint on October 15, 2015. Doc. #5.

On August 8, 2016, the District filed a motion for summary judgment. Doc. #24. McWright responded to the motion for summary judgment on August 23, 2016. Doc. #26. The District replied on August 31, 2016. Doc. #27.

## III
## Analysis

"The FLSA requires an employer to pay overtime compensation to any employee working more than forty hours in a workweek." *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016) (internal quotation marks omitted). "Although there are exemptions to the FLSA, these exemptions are construed narrowly against the employer, and the employer bears the burden to

---

[1] On December 13, 2016, this Court entered an order striking the exhibits submitted in support of the motion for summary judgment as violative of Federal Rule of Civil Procedure 5.2 and Local Rule 7(b)(2). Doc. #28. The order allowed the District to refile its exhibits on or before December 16, 2016. *Id*. The District refiled its exhibits on December 16, 2016. Doc. #29.

establish a claimed exemption." *Id*. (internal quotation marks omitted). "The employer must prove facts by a preponderance of the evidence that show the exemption is 'plainly and unmistakably' applicable." *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013).

In its motion for summary judgment and accompanying memorandum, the District argues that McWright was subject to the FLSA's administrative exemption. Doc. #25 at 5. The District further argues that, even if McWright did not qualify for the administrative exemption, any damages must be limited by the FLSA's good faith defense. *Id*. at 12.

### A. Administrative Exemption

The FLSA exempts from its overtime requirements "any employee employed in a bona fide … administrative … capacity." 29 U.S.C. § 213(a)(1). During the time period relevant to this suit, the FLSA's implementing regulations provided:

> The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:
>
> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).[2]

---

[2] On December 1, 2016, the salary or fee basis required to qualify for the administrative exemption was amended to require compensation "at a rate per week of not less than the 40th percentile of weekly earnings of full-time nonhourly workers in the lowest-wage Census Region ...." Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 81 Fed. Reg. 32,391, 32,549 (May 23, 2016) (to be codified at 29 C.F.R. 541.200).

In seeking to establish McWright's primary duty, the District offers nothing more than a general list of duties for the SRO position. *See* Doc. #25 at 5–6. McWright responds that "Defendant brings forth nothing that shows Plaintiff's actual job performances" matched the position description. Doc. #26 at 2. The Court agrees with McWright.

The regulations provide that "[a] job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2. Apart from this regulation, "[t]here is ample statutory and case law authority to support the … position that courts must focus on the actual activities of the employee in order [to] determine whether or not he is exempt from the FLSA's overtime regulations." *Reyes v. Tex. Ezpawn, L.P.*, 459 F.Supp.2d 546, 553–54 (S.D. Tex. 2006) (quoting *Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 688–89 (6th Cir. 2001)). Accordingly, to invoke the administrative exemption, a defendant employer may not solely rely on a job description or title. *See Vela v. City of Houston*, 276 F.3d 659, 677 (5th Cir. 2001) ("A generic job description tells us nothing about the specific duties of each Manager or what percentage of time was spent on management activities. Furthermore, a job description does not indicate whether each Manager exercised discretion and if he did, to what extent."); *Reyes*, 459 F.Supp.2d at 553–54 ("Defendant cannot rely solely on its general job description or the declarations of twenty-five of its non-Plaintiff ASMs to prevail on summary judgment in this case.").

In requesting summary judgment, the District fails to cite any evidence (beyond McWright's job title) that McWright's actual duties matched those in the job description. Indeed, the District fails to submit any evidence of McWright's actual job duties. Under these

4

circumstances, the Court must conclude that the District has failed to meet its burden of establishing the absence of a genuine issue of material fact as to McWright's duties. Accordingly, summary judgment on the issue of McWright's qualification for the administrative exemption must be denied.[3] *Id.*

### B. Good Faith Defense

"Under the FLSA, an employer is not liable for liquidated damages if its actions were 'in good faith and [if it] had reasonable grounds for believing its act or omission was not a violation of the Fair Labor Standards Act.'" *Brantley v. Inspectorate Am. Corp.*, 821 F.Supp.2d 879, 895 (S.D. Tex. 2011) (quoting 29 U.S.C. § 260). To invoke this defense, "an employer faces a substantial burden of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Singer v. City of Waco,* 324 F.3d 813, 823 (5th Cir. 2003).

The District argues that it is entitled to the good faith defense because in 2007, the Department of Labor issued an opinion letter stating that school resource officers were exempt from the FLSA and the District "was aware of the letter. It existed when [the District] made its decision on October 11, 2011, to treat its SROs as exempted employees." Doc. #25 at 12 (internal citation omitted).

The District is correct that on February 15, 2007, the Department of Labor issued an opinion letter stating that school resource officers with particular duties "employed at an independent school district within two counties of a state … qualify for the administrative exemption." Wage and Hour Division Opinion Letter, FLSA 2007-8, 2007 WL 541651, at *1 (Feb. 15, 2007). However, even if the opinion letter could provide reasonable grounds for

---

[3] The District's total failure to submit evidence of McWright's duties distinguishes this case from the various cases the District cites for the proposition that a school resource officer qualifies for the administrative exemption. *See Webster v. Pub. Sch. Emps. of Wash., Inc.*, 247 F.3d 910, 912 (9th Cir. 2001) (discussing specific duties of plaintiff); *Ferrell v. Gwinnett Cty. Bd. of Educ.*, 481 F.Supp.2d 1338, 1343–45 (N.D. Ga. 2007) (same).

believing the decision not to pay school resource officers overtime compensation was legal, the District offers no evidence or argument that it actually relied upon the letter in formulating McWright's compensation.[4] Furthermore, the District offers no evidence which would show that the District had reasonable grounds to believe that the letter, which enumerated specific duties for a school resource officer, actually applied to McWright, whose duties are not apparent from the record. Under these circumstances, the Court concludes that the District has failed to show that it had reasonable grounds to believe that its decision not to pay McWright overtime was made in good faith. *See Gainor v. Optical Soc. of Am., Inc.*, __F.Supp.3d__, No. 13-612, 2016 WL 4686931, at *11 (D.D.C. Sep. 7, 2016) ("Here, the Optical Society has offered no evidence that it in fact relied on the 2006 Department of Labor opinion letter to make its determination that Gainor was exempt and, even if it had adduced such evidence, the Court could not determine on the present disputed record whether such reliance would have been reasonable.").

## IV
## Conclusion

For the reasons above, the District's motion for summary judgment [24] is **DENIED**.

**SO ORDERED**, this 28th day of December, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[4] The District "asserts a defense of good faith reliance on the ...opinion letter" and then cites the SRO job description for the proposition that it was aware of the 2007 opinion letter. Doc. #25 at 12. Awareness is not reliance.